UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY DEBELLIS,

             Plaintiff,

-against-

ALEXANDER SANCHEZ, ESQ.,

             Defendant.

24-CV-0764 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action against his former criminal defense lawyer based on the effectiveness of his lawyer's representation in Plaintiff's criminal matter in New York State Supreme Court, Bronx County. By order dated February 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On April 4, 2024, Plaintiff requested leave to file an amended complaint, and the Court granted the request on April 29, 2024. Plaintiff did not filed an amended complaint but rather submitted a letter, which provided additional details regarding his lawyer's representation. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint and public records. On October 3, 2019, a jury convicted Plaintiff of second-degree and third-degree criminal possession of a weapon, and criminal possession of a firearm. *See People v. Debellis*, 205 A.D.3d 555, 555 (App. Div. May 19, 2022), *reversing and ordering new trial*, 40 N.Y.3d 431 (2023). The trial court sentenced Plaintiff to an aggregate term of seven years. On November 21, 2023, the New York State Court of Appeals reversed the conviction, holding that Plaintiff was deprived of effective assistance of counsel, and ordered a new trial. *Debellis*, 40 N.Y.3d at 433. On January 10, 2024, Plaintiff was released from prison. (ECF 1, at 2.)

Plaintiff now brings this civil action against his lawyer, Alexander Sanchez, who Plaintiff describes as a "court appointed attorney acting under the color of the NYS Unified Court System." (*Id.* at 1.) Plaintiff titles the action as a "notice of claim" and asks the Court to "[p]lease inform me if this is the correct venue for this claim as [Sanchez] was acting in the color of a NYS United Court System employee." (*Id.* at 2.)

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1. Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke this Court's federal question jurisdiction as a basis for the Court's exercising jurisdiction, but he does refer to his court-appointed lawyer as acting under color of the New York State Unified Court System. Although this reference appears to suggest that Defendant acted under color of state law in violation of 42 U.S.C. § 1983, absent special circumstances not alleged here, court-appointed lawyers are not state actors and therefore cannot

be sued under Section 1983.[1] *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). Thus, the Court cannot exercise federal question jurisdiction of Plaintiff's claim against his court-appointed lawyer.

### 2. Diversity Jurisdiction

The Court also cannot exercise diversity jurisdiction of any state-law claim that Plaintiff may be asserting against his laywer, such as legal malpractice. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who resides in the Bronx, indicates in the complaint that Defendant works in the Bronx, but Plaintiff does not include the Defendant's home address. The complaint suggests, however, that both Plaintiff and Defendant reside in New York, precluding complete diversity of citizenship. The Court therefore cannot exercise subject matter jurisdiction of Plaintiff's state-law claim.

---

[1] A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

B.  **Leave to Replead to Show Parties Are Diverse**

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order " to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass' n*, 815 F.2d 240, 243 (2d Cir. 1987). Here, Plaintiff provides Defendant's work address, which is located in the Bronx, New York. If Plaintiff has reason to believe that Defendant does not reside in New York State, and wishes to pursue his state-law claim against his lawyer in federal court rather than in state court, he may submit an amended complaint stating facts showing that Defendant resides outside of New York State and that the amount in controversy exceeds $75,000.00.

In the alternative, should Plaintiff prefer to proceed in state court, Plaintiff is not required to file any further submissions with this court, and within 30 days, the Court will direct the Clerk of Court to enter judgment in this action, without prejudice to any state court action Plaintiff pursues.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   May 29, 2024
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge